**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONNIE R. PHILLIPS, | No. 11-15968 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-01388-FJM |
| v. | |
| TIMOTHY TURMEZEI; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frederick J. Martone, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

California state prisoner Donnie R. Phillips appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation and

various constitutional violations in connection with his prison gang validation. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003), and we affirm.

The district court properly granted summary judgment on Phillips's retaliation claims because Phillips failed to raise a genuine dispute of material fact as to retaliatory motive. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim).

The district court properly granted summary judgment on Phillips's due process claim because there was "some evidence" to support the gang validation. *See Bruce*, 351 F.3d at 1287-88 (affirming summary judgment on due process claim where "some evidence" supported the gang validation, and explaining that the standard is met where there is "any evidence in the record that could support the conclusion" (citation and internal quotations omitted)).

The district court properly granted summary judgment on Phillips's equal protection claim because Phillips failed to raise a genuine dispute of material fact as to whether defendants discriminated against him on the basis of his membership in a protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005). The district court properly rejected Phillips's belated attempt to change the basis of his equal protection claim in response to defendants' motion for summary judgment. *See Pickern v. Pier 1 Imports (U.S.)*, *Inc.*, 457 F.3d 963,

968 (9th Cir. 2006) ("Rule 8's liberal notice pleading standard . . . requires that the allegations in the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" (citation omitted)).

Phillips's remaining contentions are unpersuasive.

Defendants' request for judicial notice, filed on October 3, 2011, is granted.

We do not consider the claims raised in Phillips's emergency motion filed on July 2, 2012, because these claims were not raised before the district court. *See Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995) (stating that as a general rule, appeals courts do not consider issues not raised below).

**AFFIRMED.**